UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

# DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 26-2184 |
| Case Name | 1:26-cv-02130 |
| Party or Parties Filing Notice of Appeal Or Petition | JAMES C. KENNEY, *in his official capacity as Secretary of the New Mexico Environment Department*; and RAÚL TORREZ, *in his official capacity as Attorney General of New Mexico* |
| Appellee(s) or Respondent(s) | AMERICAN CHEMISTRY COUNCIL, ALLIANCE FOR AUTOMOTIVE INNOVATION, AMERICAN COATINGS ASSOCIATION, ASSOCIATION OF HOME APPLIANCE MANUFACTURERS, NATIONAL ASSOCIATION OF MANUFACTURERS, NATIONAL ELECTRICAL MANUFACTURERS ASSOCIATION, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC., NEW MEXICO RETAIL ASSOCIATION, and POWER TOOL INSTITUTE |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: September 16, 2026

2. Date notice of appeal was **filed**: October 16, 2026

**3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):

30 days pursuant to Fed. R. App. P. 4(a)(1)(A).

**a.** Was the United States or an officer or an agency of the United States a party below? No.

**b.** Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: N/A

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

**a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

N/A

**b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

N/A

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No.

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

**a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

No.

**b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. 1292(a)? Yes.

**c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

**6.** Cross Appeals.

**a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

N/A

**b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

1. Date of the order to be reviewed: ______________________________

2. Date petition for review was filed: ______________________________

3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: ________________

4. Specify the time limit for filing the petition (cite specific statutory section or other authority): __________________________________

**C. APPEAL OF TAX COURT DECISION**

1. Date of entry of decision appealed:______________________________

2. Date notice of appeal was filed:________________________________
(If notice was filed by mail, attach proof of postmark.)

3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): __________________________________

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_______________________________________________

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? ______________________________________________

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? ______________________________

**C.** Describe the sentence imposed. ____________________________________

______________________________________________________________

**D.** Was the sentence imposed after a plea of guilty? ______________________

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_________________

**F.** Is the defendant on probation or at liberty pending appeal? ______________

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____________________________

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

This case arises from Plaintiffs' Complaint for Declaratory and Injunctive Relief filed on July 1, 2026, alleging that New Mexico's requirement for labeling products containing intentionally added PFAS pursuant to 20.13.2.13 NMAC violates the First Amendment of the United States Constitution and the Commerce Clause of the United States Constitution. On the same day, Plaintiffs filed a Motion for Preliminary Injunction seeking to enjoin the New Mexico Environment Department and New Mexico Department of Justice from enforcing the labeling requirement which becomes effective on January 1, 2027. The Court heard oral argument on Plaintiffs' Motion for Preliminary Injunction on August 27, 2026, and entered an Order Granting Plaintiffs' Motion for Preliminary Injunction on September 16, 2026. In its Order, the Court held that New Mexico's PFAS label is unlikely to pass rational basis scrutiny under *Zauderer v. Off. of Disciplinary Counsel*, 471 U.S. 626 (1985). Doc. 46 at 17-22.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).**

Defendants appeal portions of the Court's Order Granting Plaintiffs' Motion for a Preliminary Injunction, filed September 16, 2026, holding that New Mexico's PFAS label is unlikely to pass rational basis scrutiny under *Zauderer v. Off. of Disciplinary Counsel*, 471 U.S. 626 (1985). Doc. 46 at 17-22.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: Daniel Ahrens Telephone: (505) 614-4989

Firm: New Mexico Department of Justice

Email Address: dahrens@nmdoj.gov

Address: 408 Galisteo Street, Santa Fe, NM 87501

_/s/ Daniel Ahrens 11/2/26

Signature Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

**CERTIFICATE OF SERVICE**

I, ____Daniel Ahrens____________________________, hereby certify that on
[attorney for appellant/petitioner]

November 2_____________, I served a copy of the foregoing **Docketing Statement**, **by electronic mail** to:

JOHN C. ANDERSON
**HOLLAND & HART LLP**
215 Lincoln Avenue, Suite 100
Santa Fe, NM 87501
Phone: +1 505 988 4421
jcanderson@hollandhart.com

KEVIN P. MARTIN
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Phone: +1 617 570 1000
KMartin@goodwinlaw.com

BRIAN T. BURGESS
ANDREW KIM
CASSANDRA SNYDER
NOELLE WILSON
**GOODWIN PROCTER LLP**
1900 N Street NW
Washington, DC 20036
Phone: +1 202 346 4000
BBurgess@goodwinlaw.com
AndrewKim@goodwinlaw.com
CassandraSnyder@goodwinlaw

/s/ Daniel Ahrens
Signature

11/2/2026
Date

Daniel Ahrens
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501